IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LEWIS LYLES #457146 | § | |
| v. | § | CIVIL ACTION NO. 6:05cv132 |
| DOUGLAS DRETKE, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Lewis Lyles, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Lyles complains that he was denied due process in connection with a disciplinary case which he received for allegedly threatening a sergeant named Hoisington on or around July 21, 2004. Lyles indicated, in a letter attached to his petition, that he lost both classification status and good time. In this lawsuit, Lyles specifically states that he is asking for monetary damages and injunctive relief only, and not for any changes to his sentence.

On April 25, 2005, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge noted that the Supreme Court has held that a claim for the loss of good time credits in a prison disciplinary hearing must be pursued through habeas corpus, not a civil rights lawsuit. Edwards v. Balisok, 520 U.S. 641, 644, 117 S.Ct. 1584, 1587 (1997); *see also* Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1988) (*en banc*).

Thus, the Magistrate Judge reasoned, a holding in Lyles' favor in his lawsuit would necessarily imply the invalidity of the disciplinary conviction as well as the attendant sanctions. Thus, the Magistrate Judge said, Lyles' claim for declaratory relief and monetary damages is not

1

cognizable under Section 1983. Balisok, 520 U.S. at 648, 117 S.Ct. at 1589. The Supreme Court expressly held that lawsuits which are not thus cognizable should be dismissed. Balisok, 520 U.S. at 648, 117 S.Ct. at 1589. Consequently, the Magistrate Judge recommended dismissal of Lyles' complaint, with prejudice to the refiling of another Section 1983 lawsuit raising these claims until such time as Lyles shows that this disciplinary case has been expunged or set aside, but without prejudice as to Lyles' right to seek habeas corpus relief on the claims raised in this lawsuit, as well as his right to refile his Section 1983 lawsuit in the event that the disciplinary case is reversed or found invalid. Clarke, 154 F.3d at 191.

The Magistrate Judge went on to observe that Lyles asked for prospective injunctive relief, in the form of a request for an injunction prohibiting prison officials from filing false and arbitrary charges against him. In Clarke, the Fifth Circuit held that requests for injunctive relief which are "so intertwined" with the request for restoration of lost good time as to imply the invalidity of the disciplinary result are also not cognizable in Section 1983 actions under the rule in Balisok. Clarke, 154 F.3d at 190. Because Lyles' request for injunctive relief specifically refers to the falsity of disciplinary cases and implies that the one at issue in this lawsuit is false as well, it falls under the Balisok rule and is not cognizable in a Section 1983 lawsuit until such time as Lyles shows that the underlying disciplinary case in this proceeding has been set aside, overturned, or otherwise held invalid. The Magistrate Judge also noted that Lyles had failed to show that he was entitled to injunctive relief in any event.

Lyles received a copy of the Magistrate Judge's Report on April 28, 2005, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge and has determined that this Report is correct.  It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of a Section 1983 lawsuit raising this claim until such time as Lyles shows that the disciplinary case at issue in this lawsuit has been overturned or set aside, but without prejudice to his right to seek habeas corpus or other relief on the claims raised in this lawsuit as well as his right to seek monetary or injunctive relief in the event that this disciplinary case is overturned, set aside, or otherwise declared invalid.  It is further

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

**So ORDERED and SIGNED this 19th day of May, 2005.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**